UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Max Watkins, #243803, | ) C/A No. 3:12-342-CMC-JRM |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| James M. Dorriety; Paul B. Wickensimer; and Walter W. Wilkins, III, | ) |
| Respondents. | ) |

*Pro se* Petitioner, Robert Max Watkins, a state prisoner in the Kirkland Reception and Evaluation Center ("KR&EC") of the South Carolina Department of Corrections ("SCDC") has filed this Petition for Writ of Habeas Corpus. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for initial screening.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district

1

court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may also apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

At the time Petitioner signed and mailed the Petition[1] that was filed in this case on February 7, 2012, Petitioner was in the custody of the Greenville County Detention Center ("GCDC"). Petitioner described himself as a pre-trial detainee and requested "release from custody and [from] further deprivation of his life and liberty by Greenville County Detention Center." ECF No. 1, p. 9. Petitioner used the type of form petition that is designated for writs of habeas corpus filed pursuant to 28 U.S.C. § 2241.[2] *See* ECF No. 1, p. 1.

Petitioner alleges that, on September 24, 2008, he was convicted of armed robbery and possession of a weapon during a violent crime, after a jury trial in the Thirteenth Judicial Circuit General Sessions Court in Greenville County, and was sentenced to twenty-five (25) years imprisonment for armed robbery and five (5) years, consecutive, for possession of a weapon. Petitioner alleges that this was his second trial on indictment no. 2002-GS-23-1063, and that he was

---

[1] The petition is dated January 27, 2012. ECF No. 1, p. 10.

[2] State prisoners' sole federal remedies for challenging the constitutional validity of their custody are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after petitioners have exhausted their state court remedies with regard to their convictions and sentences. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which state prisoners should proceed when challenging the legality of their custody based on the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by state prisoners in custody pursuant to state court judgments, even when petitioners are not challenging the validity of their underlying convictions. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but does not appear to have taken a definitive stance to date. However, under either § 2254 or § 2241, petitioners must first fully exhaust their state remedies before filing federal habeas petitions.

3

previously tried and convicted on October 25, 2002, but that conviction was reversed on January 31, 2008. ECF No. 1, p. 13.

Petitioner alleges that he filed a direct appeal of his September 24, 2008 conviction, in *State v. Watkins*, C/A No. 2002-GS-23-1063, and, on March 8, 2011, the South Carolina Court of Appeals reversed the conviction and remanded the case to South Carolina's Thirteenth Circuit Court, in an unpublished opinion, Op. No. 2011-UP-091. Petitioner asserts that the South Carolina Attorney General's Office filed a petition for rehearing in the South Carolina Court of Appeals, which was denied on April 21, 2011. Petitioner further asserts that the South Carolina Court of Appeals' remittitur was filed on June 14, 2011, sending his criminal case back to Greenville County Court, and the SCDC returned Petitioner to the custody of the GCDC.

Petitioner states that he was held in GCDC, without bond, between June 14, 2011 and January 30, 2012. Petitioner further states that he wrote GCDC's director, Respondent Dorriety, the Greenville County Attorney's Office, the Thirteenth Circuit Solicitor's Office (Respondent Wilkins is the Solicitor), and his appellate defense counsel, inquiring into the legal authority under which Petitioner remained in custody. Petitioner alleges that he was informed that the remittitur was sent in error and was recalled and that the South Carolina Attorney General's Office had filed a petition for writ of certiorari in the South Carolina Supreme Court, challenging the South Carolina Court of Appeals' reversal of his conviction. Petitioner asserts that GCDC's Director, Respondent Dorriety, responded to Petitioner's letter to inform him that, under the circumstances, Petitioner was being held as a sentenced inmate on appeal. Petitioner alleges that, on June 13, 2011, the South Carolina Attorney General's Office filed an expedited motion in the South Carolina Court of Appeals to recall the remittitur in C/A No. 2002-GS-23-1063, falsely stating that the Attorney General's Office never

4

received notice of the denial of its petition for rehearing and asserting that the Attorney General's Office would file a petition for writ of certiorari in the South Carolina Supreme Court to appeal the South Carolina Court of Appeals' decision. Petitioner states that the South Carolina Court of Appeals granted the Attorney General's Office's motion to recall the remittitur on June 30, 2011 and, on July 14, 2011, the Attorney General's Office filed its petition for writ of certiorari in the South Carolina Supreme Court. *Shearouse Advance Sheet No. 11* (March 28, 2012) indicates that a petition for certiorari in *State v. Watkins*, C/A No. 2011-UP-091, is currently pending in the South Carolina Supreme Court.[3]

Petitioner alleges that, following the recall of the South Carolina Court of Appeals' remittitur, his criminal case is no longer within the jurisdiction of the Thirteenth Circuit Court in Greenville County, and the Thirteenth Circuit Solicitor's office has not filed any other charges against him which would grant GCDC personal jurisdiction of Petitioner. Petitioner asserts that, on June 14, 2011 when SCDC released him into the custody of GCDC, he was not served with an arrest warrant or indictment and was not arraigned, despite being held without bond in GCDC's custody for approximately seven months. He alleges that GCDC had no probable cause to take him into custody and that he is being held in violation of his rights to due process and equal protection, without any charge pending. Petitioner also alleges that "under the 5 year statute of limitation law Greenville County Solicitor's Office failed to file the indictment against me." ECF No. 1, p. 8, 13.

On February 27, 2012, Petitioner filed a letter addressed to the Clerk of Court, as follows:

> I appreciate you sending me the forms you sent me. I filled out the § 2241 form and sent it to you instead of 901 Richland Street, Columbia SC 20201. Just after I sent

---

[3] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

> it to you, the parties I filed the 2241 writ of habeas corpus against released me from their custody on January 30, 2012. So that writ of habeas corpus is irrelevant, since I'm no longer being held under false imprisonment in violation of my due process of right under the 14th USCA. The problem I have now is with the co-conspirators, in which have now falsely imprisoned me. Where now, I'm being held by SCDC, in the Kirkland Reception and Evaluation Center in violation of my due process rights of the 14th USCA. Now I need another 28 § 2241 writ of habeas corpus form. Could you please send me one . . .

ECF No. 4.[4]

## DISCUSSION

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not fully exhausted his state remedies. Following Petitioner's September 24, 2008 conviction, in *State v. Watkins*, C/A No. 2002-GS-23-1063, the South Carolina Court of Appeals reversed his conviction, on March 8, 2011. On July 14, 2011, the Attorney General's Office filed its petition for writ of certiorari in the South Carolina Supreme Court, appealing the South Carolina Court of Appeals' reversal of Petitioner's September 28, 2008 conviction. The Attorney General's petition for writ of certiorari is currently pending in the South Carolina Supreme Court. Consequently, Petitioner is not a pre-trial detainee, awaiting re-indictment and a third re-trial in Greenville County General Sessions Court. Petitioner is a state prisoner awaiting final disposition of his direct appeal in the South Carolina Supreme Court, the state's highest court.

As noted above, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either

---

[4] If Plaintiff's letter is construed as a notice/stipulation of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), this case could be dismissed, without prejudice, upon the request of Petitioner, without the necessity of a court order. Alternately, if Petitioner's letter is construed as a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A), it is recommended that the motion be granted.

of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion of state court remedies "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing *Braden*).

> Section 2254's exhaustion requirement provides:
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c).

Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have consistently held that exhaustion is necessary under § 2241, just as it is necessary under § 2254. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. at 490-91; *Moore v. DeYoung*, 515 F.2d at 442-43. Hence, pre-trial detainees involved in state criminal proceedings who seek to bring challenges to their custody pursuant to § 2241, as well as state prisoners who seek to challenge their custody on any basis that may properly be raised pursuant to § 2241, must first exhaust their state-court remedies before seeking federal habeas corpus relief.

Moreover, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue*, 887 F.2d at 52. Additionally, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *See Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

The doctrine of exhaustion of state remedies requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's

highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Thus, Petitioner's direct appeal, which is currently pending in the South Carolina Supreme Court, must be pursued to its completion. If the South Carolina Supreme Court vacates the South Carolina Court of Appeals' reversal of Petitioner's conviction, then Petitioner may file a petition for post-conviction relief ("PCR application") in Greenville County Common Pleas Court, just as he did following his first conviction, in October 2002. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). If Petitioner files a PCR application which is later denied by the Greenville County Common Pleas Court, he *must* then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of a petition for writ of certiorari as provided under South Carolina Appellate Court Rule 243 and S.C. Code Ann. § 17-27-100. Such review must be sought and completed by a state prisoner or else federal collateral review - under either 28 U.S.C. § 2254 or § 2241 - of the grounds raised in the PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Since it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (direct appeal, PCR, appellate review of PCR) which have not been fully utilized, this Court should not keep this case on its docket while Petitioner's state remedies are being exhausted. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court

remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus be dismissed without prejudice and without issuance and service of process upon Respondents. Petitioner's attention is directed to the important notice on the next page.

April 11, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).